The judgment of the court was pronounced by
Rost, J.
The plaintiffs, who are attorneys at law, claim compensation for professional services rendered to the defendant in the administration of the succession of her husband, and also in ten suits in which they acted as counsel of her husband or herself.
The answer is a general denial, and an averment that the plaintiffs agreed with the defendant’s husband to make no charge for any of the services alleged to have been rendered by them.
The case was submitted to a jury, who found for the plaintiffs the sum of $1500. The application of the defendant for a new trial was overruled; and she has appealed from the judgment rendered on the verdict.
Before the tidal of the cause the defendant moved for a continuance, on account of the absence of Maldin Johnson, one of her witnesses, and supported her application by an affidavit of her agent, in which he disclosed the facts the defendant expected to prove by the said witness. The judge refused the application, and ruled the defendant to trial. Her counsel now contends, that the continuance should have been granted, unless the plaintiff had admitted that the witness Johnson if present, would swear to the facts disclosed in the affidavit; and as no such admission was made, he asks that the case be remanded for a new trial. We are unable to grant this application. No bill of exceptions was taken to the opinion of the judge refusing the continuance. In consequence of this omission, we have no means of ascertaining his reasons for the course he pursued, and we are bound to presume that they were sufficient in law, and that the party acquiesced.
The necessity of a bill of exceptions in such a case has been more than once recognized by this court. Florance v. York, Hanna, garnishee, 4th Ann. 138. On the merits, the case involves mere questions of fact, and we are not prepared to say that the finding of the jury is manifestly contrary to evidence, or that the sum allowed is exhorbitant and out of proportion with the services rendered.
We do not therefore feel ourselves called upon to interfere with the judgment.
The judgment is affirmed, with costs.